IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEATUS MILTON, | : CIVIL ACTION |
| | : NO. 13-219 |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| MICHAEL HARLOW, et al., | : |
| | : |
| Respondents. | : |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                August 20, 2013

Cleatus Milton (Petitioner) filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Habeas Petition) challenging his custody. Petitioner is incarcerated in the State Correctional Institution in Albion, Pennsylvania. Consistent with Magistrate Judge Hey's Report and Recommendation (R&R), the Court will dismiss the Habeas Petition with prejudice.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

On July 31, 2007, Petitioner was convicted in the Court of Common Pleas of Philadelphia County of rape of a child less than thirteen years old, involuntary deviate sexual intercourse, incest, indecent assault, and corrupting the morals of a minor. Commonwealth v. Milton, No. 331 EDA 2008, slip op. at 3 (Pa. Super. Ct. May 28, 2009). The charges arose from the

rape of his ten-year-old, mentally-challenged daughter. Id. He received two consecutive sentences of imprisonment that totaled 47 1/2 to 95 years. Order, Commonwealth v. Milton, No. CP-51-CR-0311451-2006 (Ct. Com. Pl. Phila. Cnty. Dec. 18, 2007).

Petitioner appealed, challenging his sentence as excessive. Concise Statement of Errors Complained of on Appeal, Milton, No. CP-51-CR-0311451-2006. On May 28, 2009, the Pennsylvania Superior Court affirmed the judgment of sentence. Commonwealth v. Milton, No. 331 EDA 2008 (Pa. Super. Ct. May 28, 2009). Petitioner did not seek review in the Pennsylvania Supreme Court.

Petitioner then filed a timely pro se petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) and amended the petition following the appointment of PCRA counsel. Amended Petition Under Post-Conviction Relief Act, Commonwealth v. Milton, No. CP-51-CR-0311451-2006 (Ct. Com. Pl. Phila. Cnty. Oct. 28, 2010). In that petition, he alleged that his trial counsel was ineffective for failing to seek dismissal of the charges against him based on a theory that the trial court violated Rule 600 of the Pennsylvania Rules of Criminal Procedure, which guarantees a speedy trial. Id. On October 28, 2010, the PCRA Court dismissed the petition. Order of October 28, 2010, Milton, No. CP-51-CR-0311451-2006. Petitioner appealed the PCRA Court's order, and on October 26, 2011, the Superior

Court affirmed the order on both procedural grounds and on the merits of the claim. Commonwealth v. Milton, No. 3038 EDA 2010 (Pa. Super. Ct. Oct. 26, 2011). On February 28, 2012, the Supreme Court of Pennsylvania denied a petition for allowance of appeal. Commonwealth v. Milton, 656 EAL 2011 (Pa. Feb. 28, 2012).

On May 7, 2012, Petitioner filed a habeas petition directly with the Supreme Court of Pennsylvania. Docket Sheet, Milton v. Superintendent, 87 EM 2012 (Pa. 2012).[1] On July 19, 2012, the state supreme court denied his petition. Milton v. Superintendent, 48 A.3d 1244 (Pa. 2012). On January 11, 2013, Petitioner filed the instant Habeas Petition. Habeas Pet. 1, ECF No. 1. Upon referral, Magistrate Judge Hay submitted her R&R, recommending that the Habeas Petition be dismissed with prejudice. Petitioner objected, and the matter is now ripe for disposition.

## II. LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. Section 2254 R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as

---

[1] Although the petition to the Supreme Court of Pennsylvania is not available on the state-court docket, Petitioner attached a copy of his filing to the Habeas Petition. See Habeas Pet. Ex. A, ECF No. 1-1.

3

authorized under 28 U.S.C. § 636.); see also 28 U.S.C. § 636(b)(1)(B) (2006 & Supp. V 2011). A prisoner may object to the magistrate judge's report and recommendations within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. L.R. Civ. P. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Therefore, the Court will conduct a de novo review of those portions of the R&R to which Petitioner objects.

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d) (2006). Absent those findings, the Court will not grant an application for writ of habeas corpus.

4

## III.     DISCUSSION

In the Habeas Petition, Petitioner raises four grounds for relief: three claims that Pennsylvania's state statutes are unconstitutional and one claim that there is no valid sentencing order authorizing his incarceration. Habeas Pet. ¶ 12. In his reply brief, he also includes an additional claim that his federal speedy-trial right was violated. Pet'r's Reply 5, ECF No. 8.

In Magistrate Judge Hay's R&R, she recommends dismissing the Habeas Petition with prejudice due to procedural default. R&R 10. The majority of Petitioner's objections to the R&R address the merits of his underlying claims. Pet'r's Objections, ECF No. 11. He does not dispute that his claims are procedurally defaulted. Id. at 7. However, he asks the Court to consider his petition regardless of the procedural default because he was not "accorded a meaningful defense." Id. The Court will consider Petitioner's objections that relate to the Habeas Petition's procedural defects; it need not address those that reach the merits of his claims. After reviewing the applicable exhaustion requirements, procedural default standard, and rules governing excusal of procedurally defaulted habeas petitions, the Court will dismiss all claims with prejudice.

A. Exhaustion Requirements

Petitioner is required to exhaust his remedies in state court before the Court can grant his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). In Pennsylvania, a petitioner must raise any claims not exhausted on direct appeal through PCRA proceedings. 42 Pa. Cons. Stat. Ann. § 9543(a)(2)(ii) (West 2013); see also Lines v. Larkins, 208 F.3d 153, 164 n.17 (3d Cir. 2000) ("[T]he PCRA is the only method of seeking review of a conviction after direct appeal."). All PCRA petitions must be filed within one year of the date on which the petitioner's state-court judgment becomes final. Id. § 9545(b).

Here, Petitioner has failed to exhaust his claims as required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and Pennsylvania state law. At no point has he presented the issues he raises in the instant Habeas Petition to any Pennsylvania state court, either through direct appeal or through PCRA proceedings. He attempted to raise the issues by

6

filing a habeas petition directly with the Supreme Court of Pennsylvania; however, such a petition does not follow the procedures outlined under Pennsylvania law and therefore does not satisfy AEDPA's exhaustion requirement. See Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006) (holding that a direct petition to the Supreme Court of Pennsylvania is not a properly filed vehicle to seek post-conviction relief); Lines, 208 F.3d at 164 n.17.

B. Procedural Default

Furthermore, Petitioner cannot exhaust his claims at this point in his proceedings. In order to exhaust his claims, Petitioner would be required to raise them through PCRA proceedings. A PCRA petition must be filed within one year of the date on which the petitioner's state-court judgment becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b) (West 2013). Where a petitioner does not pursue appeals to the Supreme Court of Pennsylvania, judgment is considered final for PCRA purposes after the time for filing such an appeal expires. Commonwealth v. Barrett, 761 A.2d 145, 147 (Pa. Super. Ct. 2000). A petitioner has thirty days in which to appeal a Superior Court judgment to the Pennsylvania Supreme Court. Pa. R.A.P. 1113(a). A claim that is exhausted due to a procedural bar in the relevant state law is considered procedurally defaulted. Whitney

7

v. Horn, 280 F.3d 240, 252 (3d Cir. 2002) (citing Lines, 208 F.3d at 160) (finding that a claim is procedurally defaulted where state procedure clearly forecloses state-court review of the unexhausted claim). Procedurally defaulted claims should be dismissed without consideration of their merits unless the petitioner can show cause for the procedural default and that he was actually prejudiced by the alleged violation. Locke v. Dillman, Civ. A. No. 11-05833, 2013 WL 141619, at *1 (E.D. Pa. Jan. 9, 2013) (Robreno, J.).

Here, Petitioner's state-court judgment became final on June 29, 2009. Therefore, he was required to file all of his PCRA petitions by June 29, 2010. Were Petitioner to file a PCRA petition at this point, such a petition would be untimely. Therefore, his claims are procedurally defaulted.

### C. Applicability of Exceptions to Procedural Default

As mentioned above, procedurally defaulted claims should be dismissed with prejudice unless the petitioner can show good cause for his default and actual prejudice resulting from the alleged legal violation or, alternatively, that failure to hear his claims would result in a fundamental miscarriage of justice, usually by alleging that new evidence has come to light that challenges a conviction. Werts v. Vaughan, 228 F.3d 178, 192 (3d Cir. 2000) (quoting Lines, 208 F.3d at 160); see also

Locke, No. 11-05833, at *1 (citing Coleman v. Thompson, 501 U.S. 722, 748 (1991)). As the Supreme Court recently stated, "[t]he miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013) (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Here, Petitioner does not argue that he was unable to comply with Pennsylvania's procedural rules because of ineffective assistance of counsel or any other extraordinary circumstances that would demonstrate "cause" for his procedural default. To the extent that he discusses ineffective assistance of counsel in his objections, he does so in order to assert that he was unable to exhaust his federal speedy-trial claim. See Pet'r's Objections at 6. However, Petitioner is mistaken—in support of his argument, he references a "pro-se rebuttal" that he filed with the PCRA Court in which he avers his PCRA counsel failed to bring additional claims. Pet'r's Objections Ex. B, at 4. But the ineffective-assistance-of-counsel claim mentioned in this document concerns a violation of Pennsylvania's speedy-trial right under Rule 600 of the Pennsylvania Rules of Criminal Procedure and not the federal equivalent. Id. Indeed, nowhere in his state collateral proceedings does he allege that ineffective assistance of counsel prevented him from bringing a federal

9

speedy trial claim. But even if Petitioner successfully demonstrated cause and prejudice as to the Rule 600 claim, exhausting a Pennsylvania speedy-trial claim is not sufficient to fairly present a federal speedy-trial claim in a federal habeas proceeding. See Parker v. Giorla, No. 12-5293, 2012 WL 6021139, at *1 (E.D. Pa. Nov. 2, 2012).[2]

Petitioner instead argues that failure to hear his claims would qualify as a "fundamental miscarriage of justice." He states in the Habeas Petition that he "had no true avenue for relief in the State to present his Constitutional Right to a fair and adequate defense." Habeas Pet. 7. But he brings forth no new evidence that would excuse his procedural default and invoke the exception; he argues only that the trial court did not give the evidence presented in his original trial enough weight. Id. at 4. Therefore, Petitioner is unable to overcome procedural default, and the Court will dismiss his claims.[3]

---

[2] To the extent the claim presented in the Habeas Petition can be considered a claim under Rule 600, the claim is not cognizable in habeas corpus. See Estelle v. McGuire, 502 U.S. 62, 63 (1991).

[3] Petitioner also seeks monetary damages. See Habeas Pet. 18. But monetary relief is not available in habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). The Court has no need to rule on Petitioner's requested relief, however, as all his claims are procedurally defaulted.

10

**IV. CERTIFICATE OF APPEALABILITY**

The Court will not issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See Pabon v. Mahanoy, 654 F.3d 385, 392-93 (3d Cir. 2011) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**V.        CONCLUSION**

For the foregoing reasons, the Court will approve and adopt Magistrate Judge Hay's R&R, overrule Petitioner's objections, decline to issue a Certificate of Appealability, and dismiss the Habeas Petition with prejudice.